Milton *v.* The Hudson River Steamboat Company.

---

WILLIAM MILTON, Respondent, *v.* THE HUDSON RIVER STEAM-
BOAT COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1871.)

A statement, contained in a bill for towing, receipted by the tower, and delivered in advance to the owner of the vessel towed, that the towing is "at the risk of the owner or master of the vessel towed," is a contract in writing within the rule, which excludes unwritten evidence to add to, vary, explain or contradict it.

THIS was an appeal by the defendants from an order at Special Term, denying their motion to set aside a verdict and for a new trial, and from the judgment for the plaintiff entered in the action.

The suit was brought to recover damages, arising from the loss of a portion of a cargo of lumber, and injuries to the plaintiff's canal boat Caloric, its detention, and the expenses

Milton *v.* The Hudson River Steamboat Company.

incurred by reason of the loss and injuries, while in the charge of the defendants for towing from Albany to New York.

It appeared that at the time the plaintiff entered into the contract for towing, he paid the price asked and took a receipt from defendants, which is set forth with the other material facts in the opinion of the court.

*C. Van Santvoord*, for the appellant.

*Pratt & Mitchell*, for the respondents.

Present — MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court — MULLIN, P. J.   There are two causes of action set out in the complaint; the first, for a breach of a contract entered into between the parties, whereby the defendant agreed to tow plaintiff's canal boat Caloric from Albany to New York, between two deck boats, so as to protect plaintiff's boat from damages which she might sustain from wind and storm.   The breach assigned was, that plaintiff's boat was placed on the outside of a tier of boats, in consequence of which she was injured, and a part of her cargo lost.

The second cause of action was, for not towing plaintiff's boat from Albany to New York in a careful, prudent and safe manner, as they have agreed to do, whereby the boat was injured, and part of her cargo lost, through and by reason of the gross negligence of defendant.

On the trial the plaintiff proved by himself that he entered into a contract with defendant's duly authorized agent at Albany, that the defendant would, for the sum of twenty-five dollars, paid at the time, tow plaintiff's boat Caloric from Albany to New York, between two deck boats, that position being deemed by the plaintiff the safest for a boat without a deck, like the plaintiff's.

He further testified that he informed the captain of the Caloric where by the agreement she was to be placed in the

tow, and instructed him, if she was not placed as agreed upon, that he should cast loose and leave the tow.

The captain testifies, that, when he found his boat placed on the outside of the tow, he objected to proceeding; but, upon being assured by the plaintiff's agent that another boat would be placed outside of him, he omitted to cast loose, and remained in the tow, notwithstanding no boat was placed outside of his boat.

A great deal of evidence was given as to the negligence of both the plaintiff's hands and the defendant's employes; but, in the view I take of the case, this evidence is unimportant.

When the plaintiff rested, the defendant put in evidence, after proof of notice to produce the original, a paper of which the following is a copy:

"ALBANY, *Oct.* 19*th*, 1868.
" Boat Caloric, master and owner,
"To Steamboat Cayuga, Dr.
" For towing from Albany to New York, at the risk of the
    owner or master of vessel towed ............... $25 00
        " Received payment, for owners.
                            "W. P. HITCHCOCK."

At the close of the evidence defendant's counsel moved for a nonsuit, and subsequently requested the court to charge the jury that the writing contained the whole agreement between the parties, and, as by it the boat was towed at the risk of the plaintiff, he could not recover.

The court refused to nonsuit the plaintiff, and to instruct the jury as requested; and defendant's counsel excepted.

The writing proved in this case is not to be distinguished from that proved in the case of *Wells* v. *The Steam Navigation Co.* (4 Seld., 375). The writing in that case was in these words: " Captain Young, of steamboat Sandusky, take in tow for Albany, canal boat Jay, —— master, at the risk of the master and owners thereof, and collect $25. For owners, E. Dennis."

Milton *v.* The Hudson River Steamboat Company.

This was held by the court to be the contract between the parties.

A similar permit was held to be the contract between the owners of the vessel towed and of the towing vessel, in the case of *The Princeton*, in the first circuit.   (3 Blatchf., 54.)

A contract in writing between the parties being proved, it follows that parol evidence to add to, vary, explain or contradict it was inadmissible.

The first cause of action was not sustained by the proof; on the contrary, it was proved that the defendant did not agree to tow plaintiff's boat between two deck boats.

As to the second cause of action, the plaintiff must also fail, as there was no proof to sustain it.   The judge instructed the jury that no negligence was attributed to the defendant. The claim was put on the sole ground of the contract.   The plaintiff did not dissent from the statement; and it follows that there could be no recovery on the second count.   If the contract was to tow in a careful, prudent and safe manner, it was broken by towing in a careless, negligent and unskillful manner in regard to which no evidence would seem to have been given, or even claim made that defendant had been guilty of negligence.

It follows that the court erred in not directing a nonsuit, as well as in the refusal to give to the jury the instruction requested by defendant's counsel.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

Judgment reversed.